**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

FLOYD JOHNSON,                                                                                         PLAINTIFF
ADC # 077727

v.                                               2:22CV00041-BSM-JTK

DOE                                                                                                          DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Floyd Johnson ("Plaintiff") is in custody at the East Arkansas Maximum Unit of the Arkansas Division of Correction ("ADC").  He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted.  (Doc. Nos. 1, 6, 9).  The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted.  (Doc. No. 9).  The Court pointed out to Plaintiff the deficiencies in his Complaint.  (Id. at 3-5).  Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading.  (Id.)  The Court also explained to Plaintiff what he should include in any Amended Complaint.  (Id. at 5). Plaintiff was cautioned that if he did not submit an Amended Complaint, the Court would

recommend his original Complaint be dismissed.  (Id. at 6).  To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted.  Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.   See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.   Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Discussion

Plaintiff sued only unidentified "Doe" Defendants.  (Doc. No. 1).  Plaintiff provided no information that would allow the Court to identify any Defendant, and he did not specify whether

he was suing the Doe Defendants in their personal capacities, official capacities, or both. (Id.). Plaintiff alleged that he had more than enough money to pay for his commissary order, but "they" gave him nothing. (Id. at 1). Plaintiff claimed he is being denied purchases at the commissary based on his race. (Id.). He also claimed the denial constitutes deliberate indifference. (Id.). Plaintiff asserted that he tried to exhaust his administrative remedies, but that he could not because prison officials refused to sign his grievances. (Id. at 2-6 ). Plaintiff seeks damages. (Doc. No. 1 at 1).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

### A.     Official Capacity Claims

The Court of Appeals for the Eighth Circuit has explained that "[i]f the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998). As such, the Court interprets Plaintiff's Complaint as making only official capacity claims.

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against Defendants employed by the ADC are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### B.     Personal Capacity Claims

Plaintiff's claims fall under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909

F.2d 1203, 1208 (8th Cir. 1990). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.   See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)678.

Plaintiff did not name any individual as a Defendant, and in his Complaint he refers to the Doe Defendants as "the commissary" and "they."   Even if Plaintiff had checked the "personal capacity box," a personal capacity claim without a description of an individual's allegedly unlawful action fails to state a claim on which relief may be granted.

Again, Plaintiff was alerted to the deficiencies in his Complaint and was given the chance to cure those deficiencies in an Amended pleading.   Plaintiff, however, has not done so.

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal.   Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 20th day of May, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE